.IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ILEANA MEDINA, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:22-cv-3546

**WILD THING, LLC,**     **DEFENDANTS**
**and CARLA D. YOUNG**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Ileana Medina ("Plaintiff), individually and on behalf of all others similarly situated, by and through her attorneys Krista Sheets and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Wild Thing, LLC, and Carla D. Young (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the minimum wage provisions of the Cook County Minimum Wage Ordinance, Ord. No. 16-5768, § 42-7, *et seq.* ("CCMWO"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and

practice of failing to pay Plaintiff sufficient wages under the FLSA, the IMWL, the CCMWO and the IWPCA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the IMWL, the CCMWO and the IWPCA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL, CCMWO and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "resides" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Cook County.

Page 2 of 16
Ileana Medina, et al. v. Wild Thing, LLC, et. al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546
Original Complaint—Collective Action

10. Separate Defendant Wild Thing, LLC ("Wild Thing"), is a domestic, limited liability company.

11. Wild Thing's registered agent for service of process is LP Agents, LLC, at 2 North La Salle Street, Suite 1300, Chicago, Illinois 60602.

12. Separate Defendant Carla D. Young ("Young") is an individual and resident of Illinois.

13. Wild Thing does business as Spirit Elephant.

14. Defendants maintain a website at http://spiritelephantrestaurant.com/.

## IV. FACTUAL ALLEGATIONS

15. Young is a principal, director, officer, and/or owner of Wild Thing.

16. Young took an active role in operating Wild Thing and in the management thereof.

17. Young, in her role as an operating employer of Wild Thing, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Young, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

19. During the relevant time, Defendants had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as food and beverage products.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

21. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

22. Defendants were, at all times relevant hereto, Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

23. In the course of her duties for Defendant, Plaintiff regularly used instrumentalities of interstate commerce such as her cell phone and the internet.

24. Plaintiff was employed by Defendants within the three years preceding the filing of this lawsuit.

25. Defendants employed Plaintiff as an hourly-paid Server from June of 2020 until June of 2022.

26. Defendants also employed other hourly-paid Servers within the three years preceding the filing of this lawsuit.

27. At all relevant times herein, Defendants directly hired Plaintiff and other Servers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28. Plaintiff and other Servers recorded their hours worked via Defendants' electronic time keeping system.

29. Defendants paid Plaintiff and other Servers an hourly wage of less than the federal minimum wage. Specifically, Defendants paid Plaintiff and other Servers $5.30 per hour until January of 2022, after which Defendants paid Plaintiff and other Servers $7.20 per hour.

30. Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

31. Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

32. Plaintiff and other Servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as rolling and polishing silverware, sweeping, and mopping ("non-tipped work").

33. Plaintiff and other Servers regularly performed non-tipped work for a substantial amount of time (more than 30 continuous minutes), and Defendants took a tip credit for that time in violation of 29 C.F.R. § 531.56(f)(4).

34. For example, when opening or closing the restaurant, Plaintiff and other Servers were regularly required to spend on average 60 continuous minutes cleaning, polishing silverware, restocking, sweeping, mopping and other duties.

35. Other than opening and closing the restaurant, Plaintiff and other Servers were required to roll silverware, clean and perform other "side work" for more than 30 continuous minutes during their shift.

36. Upon information and belief, during some shifts, non-tipped duties occupied more than twenty percent of Plaintiff and other Servers' time.

37. Defendants did not distinguish between time spent by Plaintiff and other Servers on tipped work and time spent on non-tipped work.

38. Defendants paid Plaintiff and other Servers the same rate for both tipped work and non-tipped work.

39. As a result of the policies put in place by Defendants, Plaintiff and other Servers were often required to perform non-tipped work for less than minimum wage.

40. Plaintiff and other Servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

41. Defendants acknowledged that they had been underpaying Plaintiff and other Servers and in January of 2022, they partially compensated Plaintiff and other Servers for the unpaid wages.

42. Upon information and belief, the backpay was intended to compensate Plaintiff and other Servers for the overly large tip credit Defendants took while paying Servers $5.30 per hour.

43. The backpay was not intended to compensate Plaintiff and other Servers for time spent completing non-tipped work at below minimum wage.

44. Upon information and belief Defendants did not pay back the full wages owed to Plaintiff and other Servers.

45. Plaintiff spent more than 30 continuous minutes on non-tipped work during all or most of her shifts, and therefore incurred damages in each week she worked for Defendant.

46. Specifically but without limitation, Plaintiff incurred damages in each of the following weeks: March 7, 2022; March 14, 2022; March 21, 2022; and March 28, 2022.

47. Defendants knew or should have known that they were not paying Plaintiff and other Servers sufficient wages. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Servers of a lawful minimum wage in violation of the FLSA.

48. Defendants knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL, the CCMWO and the IWPCA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked for Defendants in excess of forty each week;

B. Liquidated damages; and

C. Attorney's fees and costs.

50. Plaintiff proposes the following collective under the FLSA:

**All Servers within the past 3 years.**

54. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

55. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

56. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid an hourly wage;

B. They received tips;

C. They had substantially similar job duties and requirements;

D. They regularly spent more than 20% of their time or over 30 consecutive minutes on non-tipped duties; and

E. They were subject to Defendant's policy of taking a tip credit from their hour wage even while performing non-tipped work.

57. Plaintiff's claims are essentially the same as those of the putative collective.

58. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds 15 persons.

59. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

51. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendants.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.  FIRST CAUSE OF ACTION
(Individual Claim for Violation of the FLSA)

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to

the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

55. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. During the period relevant to this lawsuit, Defendants classified Plaintiff as nonexempt from the requirements of the FLSA.

58. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked, as required by the FLSA.

59. Defendants failed to pay Plaintiff 1.5x her regular hourly rate for hours worked over 40 each week.

60. Defendants knew or should have known that their actions violated the FLSA.

61. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees provided by the FLSA for all violations that occurred within the three years prior to the filing of this Complaint, plus periods of equitable tolling.

63. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION
**(Individual Claim for Violation of the IMWL)**

65. Plaintiffs assert this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

66. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

67. IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

68. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

69. Defendants failed to pay Plaintiff a sufficient hourly wage for all hours worked in a week as required by the IMWL.

70. Defendants failed to pay Plaintiff 1.5x her regular hourly rate for hours worked over 40 each week.

71. Defendants knew or should have known that their practices violated the

IMWL.

72. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

73. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

74. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the CCMWO)

75. Plaintiff asserts this claim for damages and declaratory relief pursuant to the CCMWO, Ord. No. 16-5768, § 42-7, *et seq*.

76. At all relevant times, Defendants were Claimant's "employer" within the meaning of the CCMWO, § 42-12.

77. Sections 42-13 and 42-15 of the CCMWO require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations, as per the IMWL.

78. Defendants classified Plaintiff as nonexempt from the requirements of IMWL and the FLSA.

79. Defendants failed to pay Plaintiff a lawful minimum wage as required by the CCMWO.

80. Defendants failed to pay Plaintiff overtime wages as required under the CCMWO for all hours that Plaintiff worked in excess of forty per week.

81. Defendants knew or should have known that its practices violated the CCMWO.

82. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the CCMWO.

## IX. FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

84. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IWPCA, 820 ILCS 115/1, *et seq.*

85. At all times relevant herein, Defendants were the "employer" of Plaintiff within the meaning of the IWPCA.

86. At all times relevant herein, Plaintiff was Defendants' "employee" within the meaning of the IWPCA.

87. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

88. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to

separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

89. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

90. Defendants did not pay Plaintiff all wages and final compensation due.

91. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

92. Defendants knew or should have known that their actions violated the IWPCA.

93. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## X. FIFTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

94. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

95. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

96. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

97. Defendants classified Plaintiff and other similarly situated employees as nonexempt from the requirements of the FLSA.

98. Defendants failed to pay Plaintiff and other similarly situated employees a lawful minimum wage for all hours worked.

99. Defendants failed to pay Plaintiff and similarly situated employees all the tips they earned.

100. Defendants knew or should have known that its actions violated the FLSA.

101. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

102. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees as provided by the FLSA for all violations which occurred within three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

103. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premiums pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

104. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ileana Medina, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all others similarly situated, and all monies paid to them;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the CCMWO, the IWPCA and their related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid wages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the CCMWO, the IWPCA and their related regulations;

E. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the CCMWO, the IWPCA and their related regulations;

F. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ILEANA MEDINA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Krista Sheets*
Krista Sheets
Va. Bar No. 97730
krista@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com