IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ILEANA MEDINA, Individually and on**                 **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                          No. 1:22-cv-3546


**WILD THING, LLC,**                          **DEFENDANTS**
**and CARLA D. YOUNG**

<u>**BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION,**</u>
<u>**FOR APPROVAL AND DISTRIBUTION OF NOTICE AND**</u>
<u>**FOR DISCLOSURE OF CONTACT INFORMATION**</u>

## I. <u>INTRODUCTION</u>

Plaintiff Ileana Medina ("Plaintiff") has alleged that Defendants Wild Thing, LLC, and Carla D. Young (collectively "Defendant" or "Defendants") have a uniform policy and practice of improperly paying its Servers in violation of the Fair Labor Standards Act ("FLSA"), including not paying them proper minimum and overtime wages. Accordingly, Plaintiff requests that this Court conditionally certify a collective action pursuant to Section 216(b) of the FLSA. In addition, Plaintiff requests approval of her practical, common-sense plan for facilitating notice to potential collective members. Because the clock is running against all potential collective members, Plaintiff requests expedited review of her motion as described below.

## II. ARGUMENT

### A. Court-Authorized Notice is Fair, Efficient and Advances the FLSA's Goals.

The FLSA authorizes private parties to bring an overtime claim "[o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see also*

**Page 1 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

*Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). "A prospective member of the collective action may 'opt-in' by filing a written consent in the court where the action is brought; a person who does not opt-in is not part of the collective action and is not bound by the court's decision." *Gambo v. Lucent Techs., Inc.*, No. 05 Civ. 3701, 2005 WL 3542485, at *3 (N.D. Ill. Dec. 22, 2005).

In furtherance of the FLSA's broad remedial purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *See Howard v. Securitas Sec. Servcs.*, Inc., 630 F. Supp. 2d 905, 907 (N.D. Ill. 2009) ("One of the primary ways the court ensures that notice is 'timely, accurate, and informative' is by monitoring preparation and distribution of the notice as early in the case as is practicable.") (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989)). The notice "process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011).

Collective actions provide workers an opportunity to "lower individual costs to vindicate rights by the pooling of resources," and enable the "efficient resolution in one proceeding of common issues of law and fact." *Hoffman-La Roche*, 493 U.S. at 170; *see also Oropeza v. Appleillinois, LLC*, No. 06 Civ. 7097, 2010 WL 3034247, at *3 (N.D. Ill. Aug. 3, 2010) ("A collective action serves the dual function of avoiding a multiplicity of duplicate actions while allowing plaintiffs the advantage of lower individual costs by pooling resources to vindicate rights."). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments

Page 2 of 16
Ileana Medina, et al. v. Wild Thing, LLC, et. al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546
Brief in Support of Motion for Conditional Certification

regarding claims arising from the same events and brought under the same laws.

**B.      Expeditious Notice is Necessary to Preserve Workers' Rights.**

Courts should authorize notice to the members of an FLSA collective "as early in the case as is practicable." *Nehmelman v. Penn Nat'l Gaming*, 822 F. Supp. 2d 745, 763 (N.D. Ill. 2012) (quoting *Howard*, 630 F. Supp. 2d at 907). This is because the FLSA statute of limitations runs against a worker until he or she files a consent form. *See Perez v. Comcase*, No. 10 Civ. 1127, 2011 WL 5979769, at *2 (N.D. Ill. 2011); *Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 753 (N.D. Ill. 2010). Time is of the essence because Defendant's Servers' claims are diminished or extinguished every day. Notice will curtail the continued erosion of the hourly employees' claims and is particularly important to the FLSA's "broad, remedial purpose." *See Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2010) (citing *Hoffmann La-Roche*, 493 U.S. at 172–74); *see also Monroe v. United Airlines, Inc.*, 90 F.R.D. 638, 639 (N.D. Ill. 1981) (prompt notice "comports with the broad remedial purpose of the [FLSA]") (quoting *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978)).

**C.      Plaintiff Exceeds Her Low Burden for Issuing Notice.**

1.      Plaintiff Has a Low Standard of Proof at the Notice Stage.

Although the Seventh Circuit has not specified a standard for determining whether to certify an FLSA collective action, courts in this district follow the widely-accepted two-step approach. Under this approach, the court makes a preliminary determination early in the case that a group of similarly situated employees exists and should receive notice of the litigation. Later, after persons have opted into the lawsuit and the defendant has had an opportunity to conduct discovery, the court revisits the

Page 3 of 16
Ileana Medina, et al. v. Wild Thing, LLC, et. al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546
Brief in Support of Motion for Conditional Certification

question with a more complete evidentiary record. *See*, *e.g.*, *Young v. Rolling in the Dough, Inc.*, Case No. 17 C 7825, 2018 WL 1240480, at *2 (N.D. Ill. Mar. 8, 2018); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015); *Solsol v. Scrub, Inc.*, No. 13 Civ. 7652, 2015 WL 1943888, at *2 (N.D. Ill. Apr. 27, 2015); *Dailey v. Groupon, Inc.*, No. 11 Civ. 5685, 2014 WL 4379232, at *3 (N.D. Ill. Aug. 27, 2014); *Salmans v. Byron Udell & Assocs.*, No. 12 Civ. 3452, 2013 WL 707992, at *2 (N.D. Ill. Feb. 26, 2013); *Perez*, 2011 WL 5979769, at *1.

At the initial notice stage, a plaintiff need only make a "modest factual showing" that there are other employees who are "similarly situated" to her. *Solsol,* 2015 WL 1943888, at *2; *Babych*, 2011 WL 5507374, at *2; *Dailey*, 2014 WL 4379232, at *3. "Courts use a 'lenient interpretation' of the term 'similarly situated' in deciding whether plaintiffs meet this burden." *Salmans*, 2013 WL 707992, at *2 (quoting *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008)); *see Watson*, 2015 WL 7180516, at *1. Employees are "similarly situated" if they "were together the victims of a single decision, policy, or plan." *Jirak*, 566 F. Supp. 2d at 848 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)); *accord Watson*, 2015 WL 7180516, at *1. Furthermore, "whether discrepancies between [potential collective members] will become important down the road does not affect the current question of" approving notice. *Salmans*, 2013 WL 707992, at *4 (citation omitted). A "rigorous comparison of day-to-day job responsibilities . . . is inappropriate at [this] stage." *Petersen v. Marsh USA, Inc.*, No. 10 Civ. 1506, 2010 WL 5423734, at *5 (N.D. Ill. Dec. 23, 2010) (citing *Smallwood*, 710 F. Supp. 2d at 751).

The standard for authorizing notice in an FLSA case is much lower than the

**Page 4 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

standard for certification of a class action brought under Federal Rule of Civil Procedure 23 ("Rule 23"). *See Smith v. Family Video Movie Club, Inc*., No. 11 Civ. 1773, 2012 WL 580775, at *5 (N.D. Ill. Feb. 22, 2012) (collecting in-district cases); *accord Clugston v. Shamrock Cartage and Spotting Servs*., No. 13 Civ. 1047, 2014 WL 5502455, at *2, *4 (S.D. Ind. Oct. 30, 2014). This lenient standard is necessary to protect collective members' rights because, unlike in Rule 23 class actions where the filing of the complaint automatically tolls absent class members' claims, *see Am*. *Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974), in FLSA cases the statute of limitations for other workers continues to run until they join the case. *Smallwood*, 710 F. Supp. 2d at 753 (citing *Fisher v. Mich. Bell Tel. Co*., 665 F. Supp. 2d 819, 828–29 (E.D. Mich. 2009)).[1]

Plaintiffs "need not show that potential class members performed identical duties to meet this standard, and [sending notice] may be appropriate even if differences exist between their job titles, functions or pay." *Hundt v. DirectSat USA, LLC*, No. 08 Civ. 7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010) (quoting *Olmstead v. Residential Plus Mortg. Corp*., Nos. 08 Civ. 142, 08 Civ. 419, 2008 WL 5157973, at *3 (N.D. Ill. Dec. 9, 2008)) (internal quotation marks omitted).

Courts do not weigh the merits of the underlying claims in determining whether a plaintiff is similarly situated to potential plaintiffs. *See*, *e.g.*, *Watson*, 2015 WL 7180516, at *1; *Solsol*, 2015 WL 1943888, at *2; *Larsen*, 2011 WL 3047484, at *1; *Perez*, 2011

---

[1] Courts should only apply a more stringent analysis at the second stage of FLSA certification, after notice has issued and discovery is complete, to determine whether the collective should be decertified based on an examination of the plaintiffs who have actually opted into the case. *Smith*, 2012 WL 580775, at *5; *Clugston*, 2014 WL 5502455, at *2, *4.

**Page 5 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

WL 5979769, at *2 (citing Smallwood, 710 F. Supp. 2d at 751). "At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits." *Larsen*, 2011 WL 3047484, at *1 (citing *Marshall v. Amsted Indus., Inc.*, No. 10 Civ. 11, 2010 WL 2404340, at *5 (S.D. Ill. June 16, 2010)); *see also Curless v. Great Am. Real Food Fast*, 280 F.R.D. 429, 433 (S.D. Ill. 2012) (citation omitted). Courts also do not make credibility determinations at the notice stage. *See Solsol*, 2015 WL 1943888, at *2, *Nehmelman*, 822 F. Supp. 2d at 751.[2]

Moreover, extensive discovery is not necessary at the initial stage. *See Brooks v. Safety-Kleen Sys., Inc.*, No. 11 Civ. 7245, 2012 WL 3598763, at *2 (N.D. Ill. Aug. 14, 2012) (noting that it is not until the second stage that parties have engaged in full discovery); *Betancourt v. Maxim Healthcare Servs., Inc.*, No. 10 Civ. 4763, 2011 WL 1548964, at *13 (N.D. Ill. Apr. 21, 2011) (noting that court had "declined to order that [extensive pre-certification] discovery take place before the issue of conditional certification was decided"). In lieu of discovery, courts routinely rely upon the allegations set forth in the complaint and on employee declarations about a common policy or practice. *See, e.g.*, *Perez*, 2011 WL 5979769, at *1, *5 (authorizing notice based on complaint and four declarations); *Olmstead*, 2008 WL 5157973, at *3 (authorizing notice

---

[2] At the second stage, after full discovery, typically on a motion for decertification, courts undertake a more searching factual inquiry about whether collective members are, in fact, similarly situated. *See Watson*, 2015 WL 7180516, at *1; *Solsol*, 2015 WL 1943888 at *2; *Salmans*, 2013 WL 707992 at *2; *Nehmelman*, 822 F. Supp. 2d at 751; *DeMarco v. Nw. Mem'l Healthcare*, No. 10 Civ. 397, 2011 WL 3510905, at *2 (N.D. Ill. Aug. 10, 2011) (citations omitted).

**Page 6 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

based on affidavits and a single email from a supervisor implying that defendants did not pay overtime); *see also Constantino v. STP Rests., Inc*., No. 09 Civ. 1531, 2011 WL 2784583, at *2 (N.D. Ohio July 15, 2011) (same with one declaration and one sworn statement).

Although the required showing cannot be made solely on the basis of the allegations in the Complaint, a plaintiff may provide factual support for the allegations in the form of affidavits, declarations, or other documents. *Brooks*, 2012 WL 3598763, at *2 (citation omitted). Here, to meet the minimal burden at the first stage, Plaintiff relies upon the well-pled allegations in her Complaint and her own declaration.

2. <u>Plaintiff and Other Hourly Employees Are Similarly Situated as to Their FLSA Claims.</u>

Plaintiff comfortably exceeds the required "modest . . . factual showing" that she and other hourly employees are similarly situated with respect to their FLSA overtime claims. *See Allen v. City of Chi*., No. 10 Civ. 3183, 2013 WL 146389, at *6 (N.D. Ill. Jan. 14, 2013). Here, Plaintiff has submitted her declaration detailing her time as a Server and her interactions with other Servers for Defendants. *See generally* Ex. 6, Declaration of Ileana Medina ("Decl. Medina"). Plaintiff was employed by Defendants to work as an hourly-paid Server from approximately June of 2020 until June of 2022. Decl. Medina at ¶ 3. Plaintiff estimates that Defendant has employed at least fifteen (15) other servers since July 8, 2019.  Decl. Medina at ¶ 4, 20.

Servers' duties included duties that generated tips, such as delivering food to customers ("tipped work"). Decl. Medina at ¶ 7, 8. Servers, however, were also required to perform non-server job duties unrelated to serving customers, which were non-tipped, which included but were not limited to rolling and polishing silverware, sweeping, and

**Page 7 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

mopping ("non-tipped work"). Decl. Medina at ¶ 7, 8. Servers regularly performed these non-tipped duties for a substantial amount of time (more than 30 continuous minutes) and spent more than twenty percent (20%) of their time on non-tipped duties in at least one shift while working for Defendants. Decl. Medina at ¶ 11, 12. Defendant did not distinguish between time servers spent on tipped work and time on non-tipped work and Defendants paid servers the same rate—below the applicable minimum wage—for both tipped work and non-tipped work. Decl. Medina at ¶ 15. As a result of the policies put in place by Defendants, servers were often required to perform non-tipped work for less than minimum wage. Decl. Medina at ¶ 16.

When opening or closing the restaurant, Plaintiff and the other servers were regularly required to spend on average 60 continuous minutes cleaning, polishing silverware, restocking, sweeping, mopping and other duties. Decl. Medina at ¶ 13. Other than opening and closing the restaurant, servers were also required to roll silverware, clean, and perform other "side work" for more than 30 continuous minutes during their shift. Decl. Medina at ¶ 14.

Servers were required to use Defendant's electronic time keeping system to record the hours they worked. Decl. Medina at ¶ 9. Based on her experiences and her interactions with other servers, Plaintiff believes that other servers, such as Dana, Sandra, Johnny, and Erica, who would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit. Decl. Medina at ¶ 21, 22.

In sum, Plaintiff and the collective members were all subject to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiff. These initial facts are more than sufficient to meet Plaintiff's lenient burden to show that

**Page 8 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

the potential class members are similarly situated. Courts routinely allow notice to issue based on evidence similar to that produced by Plaintiff here. *See*, *e.g.*, *Watson*, 2015 WL 7180516, at *1 (relying on one unchallenged declaration and plaintiff's allegations); *see also Garcia v. Moorehead Commns., Inc.*, No. 12 Civ. 208, 2013 WL 4479234, at *2, *6 (N.D. Ind. Aug. 19, 2013) (four declarations; "declarations alone are sufficient to support the Court's findings that similarly situated employees were subject to [defendant's] common plan"); *Perez*, 2011 WL 5979769, at *1 (granting conditional certification based on complaint and four declarations); *Biddings v. Lake Cnty.*, No. 09 Civ. 38, 2009 WL 2175584, at *3 (N.D. Ind. July 15, 2009) (two declarations); *Austin*, 232 F.R.D. at 606–07 (complaint and affidavit). Here, Plaintiff's Declaration meets her burden of proof.

**D.    The Court Should Facilitate Notice.**

The Court should approve Plaintiff's proposed Collective Action Notice and Consent to Join Forms (Exhibits 1–3). The Notice is "accurate" and "informative." *See Hoffmann-La Roche Inc.*, 493 U.S. at 172. Plaintiff requests leave to send the Notice to all individuals who worked as Servers for Defendants within the three years preceding the filing of Plaintiff's Complaint.

Because in recent years electronic communications have become more reliable than traditional mail as a means of reaching collective action members, Plaintiff asks the Court to authorize distribution of notice using a combination of traditional and electronic methods. Electronic distribution of collective action notices is "in line with the current nationwide trend. Moreover, it advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential

**Page 9 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015).

There is good reason to use electronic distribution methods in addition to regular mail. U.S. Mail delivery problems are unavoidable in collective actions. *See* Ex. 5, Decl. of Josh Sanford ¶¶ 5–14. In counsel's experience, mail delivery problems have actually prevented some members of classes from joining collective actions when they in fact wanted to join. *See id.* Notices sent by the Sanford Law Firm have been lost, even when the addresses were correct. *Id.* at ¶ 8. Not only are notices lost going to class members, but they have also been lost after having been signed and mailed back to the Sanford Law Firm. *Id.* at ¶¶ 9–13. In other cases, Plaintiff's counsel has received telephone calls from recipients of follow-up postcards who did not receive the original notices. *Id.* at ¶ 10. Plaintiff's counsel has also received undeliverable envelopes as many as 1,010 days after their original mailing. *Id.* at ¶ 12.

Using email as a means of distributing notice alleviates many of the problems presented by sending notice only by U.S. Mail. Electronic communication is already a common, appropriate, and efficient manner of communicating with plaintiffs and collective members and is widely used in conjunction with traditional mailing. *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted).[3] Electronic

---

[3]     *See also Jones v. JGC Dall. LLC*, No. 3:11-cv-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18–19 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases); *Margulies v. Tri-County*

**Page 10 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

distribution of collective action notices is "in line with the current nationwide trend." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, at *12. As one court has aptly said, "Email is not the wave of the future; [it] is the wave of the last decade and a half." *Gronefeld v. Integrated Prod. Servs., Inc.*, No. 5:16-cv-55, 2016 U.S. Dist. LEXIS 192476, at *17-18 (W.D. Tex. April 26, 2016).

Not surprisingly, then, courts often permit dissemination of collective action notice via email message under a variety of circumstances and for a variety of reasons. *See, e.g.*, *Irvine v. Destination Wild Dunes Mgmt.*, 132 F. Supp. 3d 707 (D.S.C. 2015). The *Irvine* court approved of three methods of distributing notice, stating:

> The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d at 711.

Further, unlike traditional mail, emails do not get "lost in the mail." Cell phones are portable, even more readily portable than most lap-top computers, and they can be used to check email from virtually any location, often regardless of wireless internet access. Email addresses are also "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and

---

*Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, at *59–61 (D. Or. Oct. 10, 2013) (citing *Alequin v. Darden Rests., Inc.*, No. 12-61742, 2013 U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013)); *Rehberg v. Flowers Foods, Inc.*, No. 3:12-cv-596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013).

**Page 11 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

often does maintain his or her same email address. All these facts increase the likelihood that notice will actually be received by the putative collective member.

Moreover, the combination of traditional and electronic mailing methods "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, at *12. In short, electronic notice in the form of an email is a generally accepted practice for distributing notice that furthers the goals of the FLSA. Many courts have approved of email in conjunction with regular mail for the purpose of distributing notice.

This Court should approve of Plaintiff's proposed procedure for disseminating notice by email, which is simple and easy for the Court to monitor. Plaintiff's proposed email text, Exhibit 3, simply directs the recipient to the attached court-approved Notice and provides a link to www.docusign.com or a similar electronic signing platform[4] where the recipient can access an electronic version of the Consent to Join (Exhibit 2). The text also gives instructions for signing the Consent electronically to avoid some minor but common mistakes. Putative collective members who wish to join the lawsuit can

---

[4]     More information about DocuSign is available at https://www.docusign.com. Many courts have already approved of the use of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

**Page 12 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

then choose to print, sign, and return a paper copy of the Consent to Join form or electronically sign the Consent to Join form online. This is similar to the process used in *Dempsey v. Jason's Premier Pumping Servs., LLC*, No.15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322, at *4–5 (D. Colo. Nov. 11, 2015).

Lastly, the Court should permit Plaintiff to send a reminder email or postcard to collective members who have not returned Consents to Join thirty days after the initial mailing. A proposed email reminder is included in Exhibit 3; a proposed reminder postcard is attached as Exhibit 4. "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, . . . a reminder notice is appropriate." *Morris*, 896 F. Supp. 2d at 275. Reminder mailings to potential opt-ins who have not responded to an initial mailing are common and cause defendants no prejudice. *See Chhab v. Darden Rests., Inc*., No. 11 Civ. 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) (collecting cases); *Harris v. Vector Mktg. Corp*., 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (approving reminder postcard); *Harger v. Fairway Mgmt*., 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016).

As to the length of the notice period, "[n]otice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective actions." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012). A ninety-day notice period will allow a reasonable time for Plaintiff's counsel to deal with returned mail and get notices to their intended recipients.

**E.      The Court Should Order Defendant to Provide the Names and Contact Information of Potential Opt-in Plaintiffs in a Useful Electronic Format.**

To facilitate the sending of the Notice and Consent forms, Plaintiff asks this Court

**Page 13 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

for an Order directing Defendants to disclose, in a useful format such as an Excel spreadsheet or other importable electronic format, all contact information for those who meet the definition of the proposed collective. The relevant information includes (1) the names of each and every potential plaintiff employed by Defendants any time after July 8, 2019, including any known aliases they may have gone by or go by now; (2) the last known home and work addresses of the employee for the same time period; and (3) the employee's last known email address.

In *Hoffman-La Roche*, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. The production of such contact information is standard in FLSA cases. *See Jankuski v. Health Consultants, Inc.*, No. 12 Civ. 4549, 2012 WL 6055596, at *4 (N.D. Ill. Dec. 5, 2012) (ordering production of names, addresses, telephone numbers and email addresses); *Swarthout v. Ryla Teleservices*, *Inc.*, No. 11 Civ. 21, 2011 WL 6152347, *5 (N.D. Ind. Dec. 12, 2011) (ordering production of, inter alia, telephone numbers and last four digits of social security numbers). Accordingly, Plaintiff asks that the Court order Defendant to produce complete contact information for all those who meet the proposed collective definition no later than seven (7) days after the date of the entry of the Order granting the current Motion.

Plaintiff also asks the Court to order Defendant to provide dates of birth and partial social security numbers for any collective members whose U.S.P.S.-mailed Notices are returned as undeliverable to assist in locating the correct address for those members. *Davis v. Abercrombie & Fitch Co.*, 08 Civ. 1859 (PKC), 2008 WL 4702840, 12 (S.D.N.Y. Oct. 23, 2008); *Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357, 371-

**Page 14 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

72 (S.D.N.Y. 2007); *Perrin v. Papa John's International, Inc.*, U.S.D.C. Case No. 4:09-cv-1335-AGF (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case. . . . At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that upon granting Plaintiff's Motion for Conditional Certification this Court: (1) order Defendants to produce the contact information of the putative collective members, no later than one week after the date of the entry of the Order granting the current motion; (2) approve the Notice and Consent to Join attached to Plaintiff's Motion; (3) approve the sending of the Notice and Consent; (4) approve the sending of the reminder email or postcard as set forth herein; (5) approve of notice through both U.S. mail and email as set forth herein; and (6) grant counsel a period of ninety (90) days, to begin seven days from the date Defendants fully and completely release the potential collective members' contact information during which to distribute the Notice and to file Consent forms.

**Page 15 of 16**
**Ileana Medina, et al. v. Wild Thing, LLC, et. al.**
**U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546**
**Brief in Support of Motion for Conditional Certification**

Respectfully submitted,

**ILEANA MEDINA, Individually
and on Behalf of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Krista Sheets*
Krista Sheets
Wa. Bar No. 40100
krista@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the

CM/ECF system, a copy of the foregoing pleading was filed via the CM/ECF system,

which will provide notice to the following attorneys of record:

Julie L. Trester, Esq.
Jeremy J. Glenn, Esq.
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7981
Facsimile: (312) 706-9791
jtrester@cozen.com
jgleen@cozen.com

*/s/ Josh Sanford*
**Josh Sanford**

**Page 16 of 16
Ileana Medina, et al. v. Wild Thing, LLC, et. al.
U.S.D.C. (N.D. Ill.) Case No. 1:22-cv-3546
Brief in Support of Motion for Conditional Certification**