UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILEANA MEDINA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-3546 |
| v. | ) ) ) | The Hon. Matthew F. Kennelly, Judge Presiding |
| WILD THING, LLC and Carla D. Young, | ) ) ) ) | The Hon. Sunil R. Harjani, Magistrate Judge |
| Defendants. | ) | |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Plaintiff Ileana Medina ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Wild Thing, LLC, ("Defendant"), by and through their respective undersigned counsel, hereby seek approval of their fully executed Settlement Agreement attached hereto as Exhibit 1 ("Agreement") resolving all claims in this lawsuit.

### I. INTRODUCTION

This case concerns claims of unpaid wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the Cook County Minimum Wage Ordinance, Ord. No. 16-5768, § 42-7, *et seq.* ("CCMWO"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"). ECF No. 1. Named Plaintiff filed her First Amended and Substituted Complaint—Collective Action ("FAC") on September 22, 2022. ECF No. 15. Named Plaintiff's position is that she and others similarly situated were not paid the appropriate minimum wage rate until January of 2022. Specifically, Named Plaintiff asserts that Defendant

Page 1 of 6
Ileana Medina, et al. v. Wild Thing, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3546-MFK
Joint Motion for Approval of FLSA Collective Action Settlement

failed to pay her and Defendant's other hourly-paid servers a sufficient wage because Defendant at all times took advantage of the tip credit provision allowed by 29 U.S.C. § 203(m) despite regularly requiring Named Plaintiff and other hourly-paid servers to perform at least 30 minutes of continuous minutes doing non-tipped work. *Id*. Named Plaintiff also sought liquidated damages and attorneys' fees. *Id*. Defendant denies all of the allegations and claims set forth in the FAC and maintains that Named Plaintiff and all hourly-paid servers were paid a sufficient wage for all hours worked. *Id*. Named Plaintiff and Defendant agree that a bona fide dispute exists with regard to Named Plaintiff's claims for unpaid wages.

On September 22, 2022, Named Plaintiff moved this Court to conditionally certify this action as a collective action and to approve the issuance of notice to the collective. *See* ECF Nos. 16-17. Named Plaintiff defined the collective as follows:

> **All hourly-paid Servers who received tips as an employee at the Spirit Elephant Restaurant owned by Defendant since January 1, 2020.**

On November 23, 2022, this Court signed an Agreed Order Granting Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information. ECF No 28. Following the Court's Order, Defendant produced the names, last known addresses, and last known email addresses for all collective members.

Named Plaintiff's counsel sent the Court-approved Notice and Consent to Join to the collective by first-class mail, with a postage pre-paid return envelope addressed to Named Plaintiff's counsel, as well as by email using DocuSign.com. The Court-approved Notice and Consent to Join apprised recipients that, if they opted into the action, they would be represented by Named Plaintiff's counsel and "bound by any settlement" of the action. One individual, Sonia Angulo, opted into the lawsuit (the "Opt-in Plaintiff," and, together with Named Plaintiff, "Plaintiffs"). ECF No. 32.

Page 2 of 6
Ileana Medina, et al. v. Wild Thing, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3546-MFK
Joint Motion for Approval of FLSA Collective Action Settlement

Courts in the Seventh Circuit routinely require approval of FLSA settlements. *See Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986). For FLSA settlements that do not involve Rule 23 classes, such as the Agreement here, a one-step settlement approval process is appropriate. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016).

## II. ARGUMENT

### A. Terms of the Settlement

Under the terms of the Agreement, Plaintiffs are receiving payments greater than their maximum sought minimum wage damages as calculated by Plaintiffs' counsel from the time and pay records produced by Defendant, as well as an additional 24% to account for Defendant's potential exposure to liquidated damages and treble damages. For purposes of the calculations, Plaintiffs' counsel took the amount Plaintiffs were paid during their tenure with Defendant, at a rate of $5.30 per hour, and compared it to how much Plaintiffs would have earned had they been paid at the applicable non-tipped minimum wage, $13 per hour. Named Plaintiff also experienced some overtime violations using this methodology and accompanying assumptions, although in an amount relatively de minimis to the amounts for unpaid minimum wages (around $200.00).

The Agreement also provides a release, confidentiality provision, and non-disparagement provision operative on both sides. The Parties believe the settlement is fair, reasonable, and adequate, and they request an Order from this Court confirming the same.

### B. Attorneys' Fees

The FLSA entitles a prevailing plaintiff, "including a plaintiff who favorably settles his claims," to recover "a reasonable attorney's fee . . . and costs of the action." *De La Riva v. Houlihan*

Page 3 of 6
Ileana Medina, et al. v. Wild Thing, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3546-MFK
Joint Motion for Approval of FLSA Collective Action Settlement

*Smith & Co.*, No. 10 C 8206, 2013 U.S. Dist. LEXIS 136339, at *3 (N.D. Ill. Sep. 24, 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 U.S. Dist. LEXIS 132353, at *5-6 (N.D. Ind. July 16, 2021) (quoting 29 U.S.C. § 216(b)). Similarly, the IMWL provides that "a prevailing party 'may recover…costs and such reasonable attorney's fees as may be allowed by the Court.'" *Kurgan v. Chiro One Wellness Centers, LLC*, No. 10-cv-1899, 2015 U.S. Dist. LEXIS 52006, at *5-6 (N.D. Ill. Apr. 21, 2015) (quoting 820 ILCS 105/12(a)).

Under the terms of the Agreement, and consistent with Named Plaintiff's representation agreement with Plaintiffs' counsel of 40% of the total settlement amount plus incurred costs, Plaintiffs' counsel are receiving the amount of $14,602.39. Plaintiffs' counsel have billed 81.7 hours and $20,967.39 in fees and costs in this matter. At under 70% of their billing on this matter to date, and given the substantial recovery secured to Plaintiffs, Plaintiffs' counsel aver that this award is reasonable. Should the Court require a more in-depth review, Plaintiffs' counsel will provide their billing information to the Court.

### III.   CONCLUSION

WHEREFORE, for the reasons stated above, the Parties respectfully request that the Court approve the settlement reached between the Parties, dismiss the case with prejudice, and for all other just and proper relief.

Page 4 of 6
Ileana Medina, et al. v. Wild Thing, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3546-MFK
Joint Motion for Approval of FLSA Collective Action Settlement

Respectfully submitted,

**ILEANA MEDINA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and     WILD THING, LLC,
DEFENDANT**

COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7981
Facsimile: (312) 706-9791

*/s/ Jeremy J. Glenn*
Jeremy J. Glenn
jglenn@cozen.com
IL Bar No. 6242988

Julie L. Trester
jtrester@cozen.com
IL Bar No. 6208467

Page 5 of 6
Ileana Medina, et al. v. Wild Thing, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3546-MFK
Joint Motion for Approval of FLSA Collective Action Settlement

**CERTIFICATE OF SERVICE**

      I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing MOTION was electronically filed with the Clerk for the U.S. District Court, Northern District of Illinois, on August 3, 2023, using the electronic case filing system of the Court. The attorneys listed below are registered to receive an electronic copy hereof.

      Jeremy J. Glenn
      jglenn@cozen.com
      Julie L. Trester
      jtrester@cozen.com
      COZEN O'CONNOR
      123 N. Wacker Drive, Suite 1800
      Chicago, Illinois 60606
      Telephone: (312) 474-7981
      Facsimile: (312) 706-9791

                                                              */s/ Josh Sanford*
                                                              **Josh Sanford**

Page 6 of 6
Ileana Medina, et al. v. Wild Thing, LLC
U.S.D.C. (N.D. Ill.) No. 1:22-cv-3546-MFK
**Joint Motion for Approval of FLSA Collective Action Settlement**