## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Ileana Medina and Sonia Angulo ("Plaintiffs"), and Wild Thing, LLC ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>.  On July 8, 2022, Ileana Medina filed the Civil Action, *Ileana Medina, et al. v. Wild Thing, LLC*, No. 1:22-cv-3546-MFK in the United States District Court for the Northern District of Illinois (the "Action"). In the Action, Medina claimed that Defendant failed to pay her and similarly situated employees their proper overtime amounts due under the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), the Cook County Minimum Wage Ordinance ("CCMWO"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Sonia Angulo subsequently submitted a Consent to Join the Action, entering the Action as a party-plaintiff.

3.      <u>Non-Admission</u>.  Defendant denies it or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel the total sum of **Thirty-Five Thousand Dollars** ($35,000.00). Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiffs' counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

> a.      Within 14 days of the Court's approval of this Agreement, Defendant will tender a check in the amount of $12,974.45 made payable to Ileana Medina. The check, representing all unpaid wages allegedly due, will be less all applicable legal taxes and withholdings, for which Defendant will issue Ileana Medina an IRS Form W-2;

> b.      Within 14 days of the Court's approval of this Agreement, Defendant will tender a check in the amount of $7,423.16 made payable to Sonia Angulo. The check, representing all unpaid wages allegedly due, will be less all applicable legal taxes and withholdings, for which Defendant will issue Sonia Angulo an IRS Form W-2;

     c.     Within 14 days of the Court's approval of this Agreement, Defendant shall deliver a check payable to Plaintiffs' counsel in the sum of $4,602.39 for attorneys' fees and costs incurred in the Action;

     d.     On the first day of the ninth month following the Court's approval of this Agreement, Defendant shall deliver a check payable to Plaintiffs' counsel in the sum of $10,000.00 for attorneys' fees and costs incurred in the Action;

     e.     Sanford Law Firm, PLLC will provide Defendant with an IRS Form W-9. Defendant will issue an IRS Form 1099 to the Sanford Law Firm for the attorneys' fees and cost payments set forth in Paragraphs 4(c) and (d).

     5.     <u>Motion for Approval</u>. Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion for Approval of Settlement, in a form to be agreed upon by the Parties. The Motion for Approval will request that the Court dismiss the case without prejudice, to convert to a dismissal with prejudice after 10 months have elapsed should no default under this Agreement's obligations have been shown to the Court.

     6.     <u>Release of Claims for Plaintiffs</u>.  In exchange for the promises contained herein, Plaintiffs release and discharge the Defendant, its representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims and rights of any kind that they may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with their employment with Defendant from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA, IMWL, CCMWO, IWPCA, or any other applicable federal or state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any

Doc ID: 497df11e1d15837d9e31d7f52314dc2c04d00454

other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs.

7.    <u>Release of Claims for Defendant</u>.    Defendant fully, finally, and forever releases and discharges Plaintiffs from any and all known or unknown causes, claims, or demands which they had, have, or may have had, which arose prior to the date of this Agreement, whether such claims, demands, actions, causes of action or liabilities are based on tort, contract (express or implied) or any federal, state or local law, statute or regulation.

8.    <u>Confidentiality</u>. The Parties will not disclose any information regarding the terms of this Agreement to any person other than their spouse, attorneys, and/or tax advisors. The Parties agree that disclosure by their spouse, attorney or tax advisor is a breach as if they disclosed it himself. If asked about this settlement, the Parties will respond, "We have resolved the matter," or words of similar effect. Any Party will have a claim for breach of contract and return of consideration provided hereunder if a breach by another Party is determined by a court of competent jurisdiction.

9.    <u>Non-Disparagement</u>. The Parties agree that they shall not disparage each of the other opposing Party or otherwise communicate negatively about each other to third parties. This covenant does not prohibit the Parties from providing truthful testimony in response to any lawful subpoena.

10.    <u>Covenant Not to Sue</u>.  The Parties covenant not to sue for any release given in this Agreement.

11.    <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

12.    <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.    <u>Choice of Law</u>.   This Settlement Agreement and Release is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

14.    <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party,

- 3 -

notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.   Severability.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.   Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.   Cooperation and Drafting.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**PLAINTIFFS:**

_Eleanor M_
**Ileana Medina**

Date: 07 / 28 / 2023

**Sonia Angulo**

Date:

- 4 -

notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

15.    <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

16.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

17.    <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.


**PLAINTIFFS:**


_____
**Ileana Medina**


Date: _____


_____
**Sonia Angulo**


Date: _____07 / 06 / 2023_____

- 4 -

Doc ID: 497df11e1d15837d9e31d7f52314dc2c04d00454

**DEFENDANT:**

_____

**Wild Thing, LLC**

By (print): ___CD YOUNG___

Date: ___8/3/23___

- 5 -

Doc ID: 4c004951b5cabf4dc986c7e8e5168cf2838e70f2